No. 56,361

STATE OF KANSAS, *Appellant,* v. JAMES STERLING, *Appellee.*

(680 P.2d 301)

Opinion filed April 27, 1984.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Carl Wagner,* assistant district attorney, were on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the State on a question reserved following the conviction of the defendant, James Sterling, on two counts of criminal damage to property (K.S.A. 21-3720[1][a]). The sole issue presented in the case is whether criminal damage to property, as provided for in K.S.A. 21-3720(1)(a), is a specific intent crime to which voluntary intoxication is a defense so as to require an instruction on voluntary intoxication in an appropriate case.

The record does not contain evidence of the factual circumstances surrounding the commission of the offenses by the defendant. It appears from the information, however, that the defendant was charged in count No. 1 with willfully damaging a 1979 Chevrolet Impala automobile belonging to another and

without the consent of the owner. In count No. 2, defendant was charged with willfully damaging a 1972 Chevrolet pickup truck belonging to another and without the consent of the owner. In each instance, the damages were alleged to be more than $100, so each count of the information charged a felony. It appears from the prosecutor's brief that the district attorney in Sedgwick County tries a large number of cases where the defendant is charged with criminal damage to property, and that the courts of that district have insisted in instructing on voluntary intoxication.

At the outset, it would be helpful to consider the Kansas statutes and case law pertaining to the subject of criminal intent and the effect of voluntary intoxication thereon. The subject of general intent in criminal cases is covered by K.S.A. 21-3201 which provides as follows:

"21-3201. **Criminal intent.** (1) Except as provided by sections 21-3202, 21-3204, and 21-3405, a criminal intent is an essential element of every crime defined by this code. Criminal intent may be established by proof that the conduct of the accused person was willful or wanton. Proof of willful conduct shall be required to establish criminal intent, unless the statute defining the crime expressly provides that the prohibited act is criminal if done in a wanton manner.

"(2) Willful conduct is conduct that is purposeful and intentional and not accidental. As used in this code, the terms 'knowing,' 'intentional,' 'purposeful,' and 'on purpose,' are included within the term 'willful.'

"(3) Wanton conduct is conduct done under circumstances that show a realization of the imminence of danger to the person of another and a reckless disregard or complete indifference and unconcern for the probable consequences of such conduct. The terms 'gross negligence,' 'culpable negligence,' 'wanton negligence' and 'recklessness' are included within the term 'wantonness' as used in this code."

Under K.S.A. 21-3201, subject to the statutory exceptions, the prosecution has the burden of showing that the criminal conduct of the accused person was either willful or wanton. Where a willful act is involved, in order for the defendant to be guilty of the crime charged the State must prove that his conduct was intentional. Intentional means willful and purposeful and not accidental. See PIK Crim. 2d 54.01-A.

In addition to the general criminal intent required in every crime, certain crimes include an additional specific intent as an essential element of the offense. They are commonly referred to as "specific intent crimes." The distinction between a general intent crime and a crime of specific intent is discussed in some

depth in *State v. Cantrell*, 234 Kan. 426, 673 P.2d 1147 (1983), where syllabus ¶ 7 states as follows:

"The distinction between a general intent crime and a crime of specific intent is whether, in addition to the intent required by K.S.A. 21-3201, the statute defining the crime in question identifies or requires a further particular intent which must accompany the prohibited acts."

The opinion points out that the elements of intent required for various statutory crimes vary according to the particular crime. Where a specific intent is a required element of the crime, it must be included in the charge and in the instructions of the court covering the separate elements of that particular crime. *State v. Clingerman*, 213 Kan. 525, 516 P.2d 1022 (1973).

In some criminal cases, voluntary intoxication may be raised as a defense. The defense of voluntary intoxication is covered by K.S.A. 21-3208(2) which provides:

"(2) An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

K.S.A. 21-3208 is a restatement of the law of Kansas which has traditionally been applied by the Kansas courts. In *State v. Wells*, 54 Kan. 161, 172, 37 Pac. 1005 (1894), it is observed that it is universally held that intoxication voluntarily induced is neither an excuse for nor a justification of crime. In *State v. Rumble*, 81 Kan. 16, 105 Pac. 1 (1909), the defendant was convicted of murder in the second degree. It was admitted that the defendant shot and killed a total stranger without any provocation or cause. The theory of the defense was that the defendant was insane. The State maintained that he was merely intoxicated. The trial court refused to instruct regarding the effect of drunkenness. On appeal, the Supreme Court held that drunkenness may reduce a homicide from murder to manslaughter, if it is so extreme as to prevent the existence of an intention to kill. The court stated that drunkenness, if so extreme as to make the existence of a definite purpose impossible, may be a defense *to any crime of which a specific design is an essential element*. However, the fact that drunkenness may have rendered one charged with a crime incapable of knowing the nature and quality of his act, or of distinguishing between right and wrong, does not constitute a defense. Thus at an early date, this court held that voluntary

drunkenness is not a defense to a general intent crime but may be a defense to a specific intent crime. See also *State v. Guthridge*, 88 Kan. 846, 129 Pac. 1143 (1913).

The same basic principle was applied in *State v. Farris*, 218 Kan. 136, 542 P.2d 725 (1975). There the defendant was convicted of aggravated assault on a law enforcement officer (K.S.A. 21-3411). On appeal, the defendant complained that the trial court had refused to instruct on voluntary intoxication. Defendant argued that the crime of aggravated assault on a police officer required a particular intent and thus intoxication should be taken into consideration in determining a defendant's intent or state of mind. The court rejected this contention, holding that when an accused is charged with aggravated assault with a deadly weapon under K.S.A. 21-3410(*a*), no specific intent is required. The State was only required to prove that the conduct of the person accused constituted either a willful or wanton act. Since a specific intent was not an element of the crime, an instruction on voluntary intoxication was not required.

In *State v. McDaniel & Owens*, 228 Kan. 172, 612 P.2d 1231 (1980), the defendants, McDaniel and Owens, were charged with aggravated robbery. Both of the defendants asserted the defense of voluntary intoxication. The trial court instructed the jury that voluntary intoxication was not a defense to the crime of aggravated robbery. On appeal, this court held that the instruction was proper as to McDaniel because voluntary intoxication is not a defense to a general intent crime and aggravated robbery is not a specific intent crime where the defendant participates as a principal. As to defendant Owens, however, all of the evidence indicated that Owens was only an *aider and abettor* and to prove Owens guilty of aiding and abetting, the prosecution had the burden of showing that the defendant willfully and knowingly associated himself with the criminal acts of McDaniel and willfully participated in them. The court stated that, since Owens could only be found guilty as an aider and abettor, his specific intent to participate was an issue in the case, and voluntary intoxication might indicate the absence of the specific intent and, hence, be a defense. Accordingly, it was held that the trial court erred in not instructing the jury on voluntary intoxication, and the conviction of Owens was reversed.

From the statutes and cases cited above, it is clear that the law

is now well settled that voluntary intoxication is not a defense to a general intent crime, and a jury instruction thereon would not ordinarily be appropriate or required. Where, however, the crime charged requires, as an element thereof, a specific intent, voluntary intoxication may be a defense and an instruction thereon is required where there is evidence to support that defense.

With these general principles in mind, we turn to the issue presented in this case: Is criminal damage to property under K.S.A. 21-3720(1)(*a*) a specific intent crime to which voluntary intoxication is a defense so as to require an instruction on voluntary intoxication? K.S.A. 21-3720 provides in part as follows:

"21-3720. **Criminal damage to property.** (1) Criminal damage to property is by means other than by fire or explosive:

"(*a*) *Willfully* injuring, damaging, mutilating, defacing, destroying, or substantially impairing the use of any property in which another has an interest without the consent of such other person; or

"(*b*) Injuring, damaging, mutilating, defacing, destroying, or substantially impairing the use of any property *with intent to injure or defraud an insurer or lienholder.*" (Emphasis supplied.)

The issue raised in this case applies only to subsection (1)(*a*) of the statute. It should be noted that that subsection requires, in substance, that there be a willful injury or damage to property in which another has an interest without the consent of such other person. There is no *specific intent* required as an element of the offense. This section clearly falls into the category of a general intent crime, and, under the authorities cited above, an instruction on voluntary intoxication would not be appropriate where the evidence shows a defendant participated as the principal who committed that offense. However, voluntary intoxication may be a defense where the evidence shows that the defendant did not participate as a principal, but only as an aider and abettor. Under those circumstances, the specific intent of the defendant may be a proper issue in the case. *State v. McDaniel & Owens,* 228 Kan. 172.

Voluntary intoxication may, however, be a defense to criminal damage to property as defined in K.S.A. 21-3720(1)(*b*). Under that subsection, the State must prove that the defendant injured, damaged, or substantially impaired the use of any property *with intent to injure or defraud an insurer or lienholder.* That section

is designed to cover situations where a person injures or damages property with the fraudulent intent to collect insurance proceeds from an insurer or with the intent to injure or defraud a person who has a security interest in the property. K.S.A. 21-3720(1)(b) thus requires a specific intent in addition to the general intent.

In the present case, the defendant was charged with criminal damage to property under K.S.A. 21-3720(1)(a). The trial court gave an instruction on voluntary intoxication over the State's objection. For the reasons set forth above, we hold that the trial court's instruction on voluntary intoxication, patterned after PIK Crim. 2d 54.12, was not required nor was it appropriate under the factual circumstances involved in the case.

The appeal of the State is sustained.