(891 P.2d 472)
No. 71,830

STATE OF KANSAS, *Appellee*, v. OREN G. GAMBLE, SR.,
*Appellant.*

Opinion
filed March 17, 1995.

*Oren G. Gamble, Sr.*, appellant pro se.

*Richard G. Guinn*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before RULON, P.J., BRAZIL and ROYSE, JJ.

ROYSE, J.: Oren G. Gamble, Sr., filed a petition for expungement which the district court denied. Gamble appeals.

Gamble pled guilty to burglary, a class D felony, and was sentenced to a term of two to seven years. The district court placed him on probation for three years. Gamble completed the probation in 1984.

On January 19, 1994, Gamble filed a petition to expunge the burglary conviction. His petition alleged that he had not been convicted of a felony in the past seven years and that no proceeding involving any such crime is presently pending or being instituted against him. The district court conducted a hearing on the petition, and Gamble disclosed that he had been convicted in Missouri in 1986 for receiving stolen property. Gamble informed the court that he was still on parole for that conviction.

At the conclusion of the hearing, the district court denied Gamble's petition.

K.S.A. 1994 Supp. 21-4619(a) authorizes a person who has been convicted of a class D felony to petition for expungement of the conviction if three or more years have elapsed since the person was discharged from probation. K.S.A. 1994 Supp. 21-4619(e) requires the court to order expungement if the court finds:

"(1) The petitioner has not been convicted of a felony in the past two years and no proceeding involving any such crime is presently pending or being instituted against the petitioner;

(2) the circumstances and behavior of the petitioner warrant the expungement; and

(3) the expungement is consistent with the public welfare."

The district court identified two problems with Gamble's petition for expungement. First, the district court concluded that Gamble's continuing parole status in Missouri was a "pending proceeding" under 21-4619(e)(1). Second, the district court discussed Gamble's substantial criminal record and continuing parole status in light of the public welfare, the public interest, and Gamble's expressed desire to practice law. The district court concluded that it could not make the required findings.

Gamble argues on appeal that the district court (1) erred in construing 21-4619(e) and (2) erred in refusing to make the required findings under 21-4619(e). He also contends that the district court discriminated against him because he wants to become a lawyer.

The general rule is that a decision whether to grant a petition for expungement is an exercise of judicial discretion. In *State v. Underwood*, 228 Kan. 294, Syl. ¶ 1, 615 P.2d 153 (1980), the Supreme Court stated:

"The granting or denial of an application for annulment or expungement of a conviction is a judicial function. Such power contemplates a judicial inquiry and the exercise of judicial discretion in the same way a court exercises discretion in the granting of probation . . . subject, however, to those limitations imposed by the annulment or expungement statutes."

In this case, however, the district court's conclusion that parole is a "pending proceeding" within K.S.A. 1994 Supp. 21-4619(e)

was a conclusion of law. See *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992). Appellate review of questions of law is unlimited. *Hillman v. Colonial Penn Ins. Co.*, 19 Kan. App. 2d 375, 376, 869 P.2d 248 (1994).

The first issue raised by Gamble requires us to interpret K.S.A. 1994 Supp. 21-4619(e)(1). K.S.A. 1994 Supp. 77-201 *Second* provides: "Words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings."

It is the court's responsibility, as far as practicable, to reconcile different provisions within an act to make them consistent, harmonious, and sensible. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). Even a penal statute subject to strict construction should not be read so as to add that which is not readily found therein, or read out what, as a matter of ordinary language, is in it. *State v. Logan*, 198 Kan. 211, 213, 424 P.2d 565 (1967).

After applying the foregoing principles, we are persuaded that the district court erred in concluding that parole is a "pending proceeding." First, the term "pending" is generally understood to mean

"[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminacy. *Thus, an action or suit is 'pending' from its inception until the rendition of final judgment.*" (Emphasis added.) Black's Law Dictionary 1134 (6th ed. 1990).

In fact, the Supreme Court has previously held that the term "pending action," as used in K.S.A. 60-236, does not include an action in which judgment has become final. *Boyce v. Knudson*, 219 Kan. 357, 364, 548 P.2d 712 (1976).

The term "proceeding" has also acquired an accepted meaning:

"In a general sense, the form and manner of conducting juridical business before a court or judicial officer. . . .

". . . The word may be used synonymously with 'action' or 'suit' to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint *until the entry of a final judgment.* . . . The

proceedings of a suit embrace all matters that occur in its progress judicially." (Emphasis added.) Black's Law Dictionary 1204 (6th ed. 1990).

In summary, both "pending" and "proceeding" denote matters that occur in court until final judgment. In criminal cases, a final judgment requires a conviction and sentence or suspension of sentence. *State v. Rucas*, 12 Kan. App. 2d 68, 72, 734 P.2d 673 (1987). These definitions would indicate that parole is not a pending proceeding for purposes of K.S.A. 1994 Supp. 21-4619.

This conclusion is supported by an examination of the statutory context for the term "pending proceeding." K.S.A. 1994 Supp. 21-4619(e)(1) precludes expungement for individuals *convicted* of a felony in the past two years. In that same subsection, however, the legislature used the word *crime* in discussing pending proceedings. It is presumed that the legislature intended a different meaning when it used different language in the same connection in different parts of a statute. *Bank of Kansas v. Davison*, 253 Kan. 780, 788, 861 P.2d 806 (1993). We interpret the use of different language in K.S.A. 1994 Supp. 21-4619(e)(1) to mean that a "proceeding involving any such crime" does not refer to a felony conviction or the consequences of a felony conviction.

Finally, we note that the legislature used the word "parole" in K.S.A. 1994 Supp. 21-4619(a): a person may petition for expungement if more than three years have elapsed since the person "was discharged from probation, a community correctional services program, *parole*, postrelease supervision, conditional release or a suspended sentence." The legislature's decision not to use the word parole in K.S.A. 1994 Supp. 21-4619(e)(1) further supports the conclusion that "pending proceeding" does not include parole. See *State v. Haug*, 237 Kan. 390, 391-92, 699 P.2d 535 (1985) (where expungement statute refers explicitly to records of *conviction*, statute will not be applied to record of diversion).

For all the foregoing reasons, we conclude the district court erred in holding that parole is a pending proceeding under K.S.A. 1994 Supp. 21-4619(e)(1). Under the circumstances of this case, however, that error was harmless.

An error is harmless when it does not adversely affect the substantial rights of a defendant and substantial justice results despite

the error. See *State v. Ferguson*, 254 Kan. 62, 85, 864 P.2d 693 (1993). Under K.S.A. 1994 Supp. 21-4619(e), expungement is required if the district court makes three specific findings. In this case, the district court's misinterpretation of 21-4619(e)(1) did not invalidate its refusal to make the other two specified findings.

The district court examined the record and determined that it could not find Gamble's circumstances and behavior warranted expungement and that the expungement was consistent with the public welfare. The record showed that Gamble had been convicted of at least five felonies and several misdemeanors. Gamble admitted that one of his convictions came after he had completed probation on the burglary conviction. The record showed that Gamble had been characterized as a "persistent offender" in Missouri and had received a controlling sentence of 15 years on his 1986 conviction. Gamble told the district court that he was scheduled to be released from parole in about 18 months. The district court emphasized Gamble's continuing parole and his criminal history in refusing to make the other two statutory findings.

The appellate standard for reviewing a district court's discretion has been clearly stated: " 'Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court.' " *In re Marriage of Cray*, 254 Kan. 376, 387, 867 P.2d 291 (1994) (quoting *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 [1973]).

Reasonable people could take the view adopted by the district court. Gamble's criminal history and the fact that he remained on parole were appropriate matters for the district court to consider in deciding whether to grant or deny Gamble's petition for expungement.

Finally, Gamble contends that the district court discriminated against him because he wants to become a lawyer. This contention is without merit. In fact, the district judge told Gamble to finish his parole in Missouri and "come back and I'll give it further consideration." The district court was obviously focusing on Gamble's continuing parole status, not his legal ambitions.

Affirmed.