(922 P.2d 1123)

No. 73,839

STATE OF KANSAS, *Appellee*, v. JOSEPH CHRISTOPHER ESHER, *Appellant*.

Opinion filed August 16, 1996.

*Jean K. Gilles Phillips*, assistant appellate defender, *David Hall*, student intern, *Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*William E. Kennedy III*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., ROYSE, J., and WILLIAM F. LYLE, JR., District Judge, assigned.

ROYSE, J.: Joseph Christopher Esher was convicted by a jury on multiple counts. He appeals, arguing: (1) two of the charges were multiplicitous and (2) the district court erred in refusing to instruct the jury that voluntary intoxication may be a defense to aggravated battery.

The State charged Esher with the crimes of kidnapping, aggravated battery, criminal threat, battery, and assault. At the conclusion of trial, the district court instructed the jury that unlawful restraint is a lesser included offense of the crime of kidnapping. The jury found Esher guilty of unlawful restraint, aggravated battery, criminal threat, battery, and assault.

Esher's first argument on appeal is that the charges of kidnapping and criminal threat are multiplicitous and, therefore, the district court erred in trying him on both counts. Multiplicity is "the charging of a single offense in several counts of a complaint or information." *State v. Freeman*, 236 Kan. 274, 280, 689 P.2d 885 (1984). The problem with multiplicity is that it creates the potential for multiple punishments for the same offense, which is prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights. *State v. Edwards*, 250 Kan. 320, 329, 826 P.2d 1355 (1992).

In *Freeman*, our Supreme Court commented that K.S.A. 21-3107 defines the right of a prosecutor to charge more than one offense based on the same act and to convict on an included offense not specifically charged. *Freeman*, 236 Kan. at 281. The court further noted: "The fact that an accused is charged with multiplicitous crimes is not in and of itself a violation of the double jeopardy clause. The clause merely prevents a defendant from being punished more than once for the same crime." 236 Kan. at 282. See also *Edwards*, 250 Kan. at 329 (under K.S.A. 21-3107[1], a prosecutor is free to charge multiplicitous crimes, but a defendant cannot be punished more than once for the same crime).

In this case, Esher was not convicted of kidnapping and has not been punished for the crime of kidnapping. His claim that the charges of kidnapping and criminal threat were multiplicitous is without merit.

At oral argument, Esher's appellate counsel argued that multiplicity is a jurisdictional defect. Thus, counsel concluded, the district court was without authority to convict Esher of criminal threat. Esher provides no authority in support of this "jurisdictional" view of multiplicitous charges. Moreover, this argument is contrary to 21-3107 and the Kansas cases regarding multiplicity. For example, in *Freeman*, 236 Kan. at 282, the court discussed *Arnold v. Wyrick*, 646 F.2d 1225 (8th Cir. 1981), in which the defendant was charged with both armed criminal action and a lesser included offense of armed criminal action, first-degree robbery. Arnold was convicted only on the lesser included offense and punished only once. The court, therefore, rejected his claim that charging him with both offenses required reversal of his conviction on the lesser offense.

In *Freeman*, the court also quoted at length from *Ohio v. Johnson*, 467 U.S. 493, 81 L. Ed. 2d 425, 104 S. Ct. 2536 (1984). In that case, the United States Supreme Court held Ohio retained authority to continue its prosecution of Johnson on charges of murder and aggravated robbery, despite the fact that Johnson had pled guilty to lesser included offenses which were charged in the same indictment. "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." 467 U.S. at 500, (quoted in *Freeman*, 236 Kan. at 285). See also *State v. Kingsley*, 252 Kan. 761, 784-87, 851 P.2d 370 (1993) (jury rendered guilty verdicts on charges of first degree murder based on premeditated murder and felony murder).

Two of the principal cases relied on by Esher also contravene the notion that multiplicity is a jurisdictional defect. In *State v. Racey*, 225 Kan. 404, 590 P.2d 1064 (1979), the defendant argued his convictions for kidnapping and aggravated assault were multiplicitous because they arose out of one continuing unbroken act of force. The Supreme Court agreed and reversed Racey's conviction for aggravated assault. The Supreme Court did not conclude that multiplicity deprived the district court of jurisdiction, however, because it affirmed Racey's conviction for kidnapping. 225 Kan. at

408-09. Similarly, in *State v. Lassley*, 218 Kan. 758, 545 P.2d 383 (1976), the Supreme Court determined that Lassley had committed a continuing act of force. The act which constituted aggravated assault was part of the act which established kidnapping. The Supreme Court reversed Lassley's conviction for aggravated assault as multiplicitous. The court, nevertheless, affirmed Lassley's convictions for kidnapping and rape.

In this case, Esher was not convicted of kidnapping. He was not punished more than once for the same crime. For these reasons, his claim that the charges of kidnapping and criminal threat are multiplicitous is without merit.

Esher's second argument on appeal is that the district court erred by refusing to instruct the jury that voluntary intoxication may be a defense to aggravated battery. Voluntary intoxication may be a defense to specific intent crimes, but not to general intent crimes. *State v. Johnson*, 258 Kan. 475, 485, 905 P.2d 94 (1995); *State v. Sterling*, 235 Kan. 526, 528-29, 680 P.2d 301 (1984).

General criminal intent is described in K.S.A. 21-3201(a):

"Except as otherwise provided, a criminal intent is an essential element of every crime defined by this code. Criminal intent may be established by proof that the conduct of the accused person was intentional or reckless. Proof of intentional conduct shall be required to establish criminal intent, unless the statute defining the crime expressly provides that the prohibited act is criminal if done in a reckless manner."

See *State v. Gobin*, 216 Kan. 278, 280, 531 P.2d 16 (1975).

Specific intent is distinguished from general intent where "in addition to the intent required by K.S.A. 21-3201, the statute defining the crime in question identifies or requires a further particular intent which must accompany the prohibited acts." *Sterling*, 235 Kan. 526, Syl. ¶ 1; see *State v. Bruce*, 255 Kan. 388, 394, 874 P.2d 1165 (1994).

Crimes which require proof of a specific intent include: aiding and abetting, K.S.A. 21-3205 (intent to promote or assist in commission of the crime), *State v. Hunter*, 241 Kan. 629, 639, 740 P.2d 559 (1987); attempt, K.S.A. 21-3301 (intent to commit the underlying crime), *State v. Shannon*, 258 Kan. 425, 428, 905 P.2d 649 (1995); conspiracy, K.S.A. 21-3302 (intent to agree and intent to

commit the underlying crime), *State v. Campbell*, 217 Kan. 756, 770, 539 P.2d 329, *cert. denied* 423 U.S. 1017 (1975); solicitation, K.S.A. 21-3303(a) (intent that other person commit the crime solicited), *State v. DePriest*, 258 Kan. 596, 604, 907 P.2d 868 (1995); first-degree murder, K.S.A. 21-3401 (intent to kill), *State v. Young*, 253 Kan. 28, 33, 852 P.2d 510 (1993); second-degree murder, K.S.A. 21-3402 ("malice" includes specific intent to kill), *State v. Hill*, 242 Kan. 68, 82-83, 744 P.2d 1228 (1987); criminal threat, K.S.A. 21-3419 (intent to terrorize), *State v. Knight*, 219 Kan. 863, 866, 549 P.2d 1397 (1976); kidnapping, K.S.A. 21-3420 (intent to hold person to facilitate commission of a crime, for example), *State v. Calderon*, 233 Kan. 87, 93, 661 P.2d 781 (1983); aggravated incest, K.S.A. 21-3603 (intent to arouse or satisfy the sexual desires of the child or the defendant or both), see *State v. Albert*, 13 Kan. App. 2d 671, 676, 778 P.2d 386 (1989); contributing to a child's misconduct, K.S.A. 21-3612 (intent to aid the child in avoiding detection or apprehension by law enforcement officers), *State v. Ferris*, 19 Kan. App. 2d 180, 183, 865 P.2d 1058 (1993); theft, K.S.A. 21-3701 (intent to deprive owner permanently of property), *State v. Wickliffe*, 16 Kan. App. 2d 424, 426, 826 P.2d 522 (1992); forgery, K.S.A. 21-3710 (intent to defraud), *State v. Giddings*, 216 Kan. 14, 19, 531 P.2d 445 (1975); burglary and aggravated burglary, K.S.A. 21-3715 and K.S.A. 21-3716 (intent to commit a theft), *State v. Chism*, 243 Kan. 484, 488, 759 P.2d 105 (1988); criminal damage to property, K.S.A. 21-3720 (intent to injure or defraud an insurer or lienholder), *State v. Sterling*, 235 Kan. 526, 530-31, 680 P.2d 301 (1984); harassment by telephone, K.S.A. 21-4113 (intent to harass), *State v. Thompson*, 237 Kan. 562, 568, 701 P.2d 694 (1985); possession of a controlled substance, K.S.A. 1995 Supp. 65-4161 (intent to exercise control over the substance), see *State v. Washington*, 244 Kan. 652, 654, 772 P.2d 768 (1989).

Crimes which do not require proof of a specific intent include: involuntary manslaughter, K.S.A. 21-3404 (does not require specific intent to kill), *State v. Seelke*, 221 Kan. 672, 678, 561 P.2d 869 (1977); aggravated assault, K.S.A. 21-3410(a) (no particular intent required when aggravated assault consists of assault with a deadly weapon), *State v. Cunningham*, 222 Kan. 704, 707-08, 567

P.2d 879 (1977); rape, K.S.A. 21-3502 (no requirement that defendant's specific intent to commit rape be shown), *State v. Cantrell*, 234 Kan. 426, 434, 673 P.2d 1147 (1983); robbery and aggravated robbery, K.S.A. 21-3426 and K.S.A. 21-3427 (intent to permanently deprive is not an element of crime), *State v. Poulos & Perez*, 230 Kan. 512, 515, 639 P.2d 477 (1982); child abuse, K.S.A. 21-3609 ("intentionally torturing" does not require specific intent to injure), see *State v. Bruce*, 255 Kan. 388, 394-95, 874 P.2d 1165 (1994); and carrying a concealed weapon, K.S.A. 21-4201 (knowingly carrying a weapon concealed on one's person does not depend upon a specific intent to use it unlawfully against another person), *State v. Lassley*, 218 Kan. 752, 754-55, 545 P.2d 379 (1976).

Esher was charged with aggravated battery under K.S.A. 21-3414(a)(1)(C), which provides that aggravated battery is "intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." Whether aggravated battery under that subsection is a general or specific intent crime is a question of statutory interpretation, subject to unlimited review by an appellate court. See *State v. Favela*, 259 Kan. 215, Syl. ¶ 1, 911 P.2d 792 (1996).

The language of 21-3414(a)(1)(C) simply requires proof that the defendant *intentionally* caused physical contact with another person. The statute, thus, incorporates the general intent required by 21-3201. Notably, however, the statute does not identify or require a further particular intent which must accompany the prohibited acts.

Esher contends that 21-3414(a)(1)(C) should be read to require an "intent to injure." This contention is without merit. Although the pre-1993 version of the aggravated battery statute required proof of "the unlawful touching or application of force to the person of another *with intent to injure* that person or another," K.S.A. 21-3414 (Ensley 1988), the legislature deleted the "intent to injure" language when it adopted the current version of the statute. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the

amendment." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). Moreover, when a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994). The rules of statutory construction do not permit the courts to read a statute so as to add something which is not readily found therein. *State v. Gamble*, 20 Kan. App. 2d 684, 686, 891 P.2d 472, *rev. denied* 257 Kan. 1094 (1995).

Contrary to Esher's contention that the current version of 21-3414(a)(1)(C) should be construed like the pre-1993 aggravated battery statute, the reference to "intentionally causing physical contact" in the current statute more closely parallels the language of the pre-1993 battery statute, K.S.A. 21-3412 (Ensley 1988). Battery under that statute was the "unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." The Supreme Court has concluded that battery under the pre-1993 statute does not require proof of the specific intent to injure. See *State v. Seely*, 212 Kan. 195, 203, 510 P.2d 115 (1973).

Esher relies on *State v. Ochoa*, 20 Kan. App. 2d 1014, 895 P.2d 198 (1995), to support his argument that aggravated battery under 21-3414(a)(1)(C) is a specific intent crime. Esher's reliance on *Ochoa* is misplaced because that opinion did not construe 21-3414(a)(1)(C) or address the question of general versus specific intent.

Finally, because K.S.A. 21-3414 now encompasses both intentional and reckless acts, Esher argues the subsections which refer to intentional conduct must include a specific intent element. Esher reasons the legislature must have intended that there be some difference between intentional aggravated battery under 21-3414(a)(1)(A),(B), and (C) and reckless aggravated battery under 21-3414(a)(2)(A) and (B). Esher concludes that this difference can be provided by requiring a specific intent to injure as an element of intentional aggravated battery.

Esher's analysis of 21-3414 is not persuasive. First, the legislature has already determined the differences among the various

types of aggravated battery: The statute assigns four different severity levels to the various subdivisions of aggravated battery. Second, Esher's reasoning flies in the face of the clear language of 21-3201, which includes both "intentional" and "reckless" within the scope of general criminal intent.

In summary, K.S.A. 21-3414(a)(1)(C) is not a specific intent crime. Consequently, the district court did not err in refusing to instruct on voluntary intoxication as a defense to the charge of aggravated battery in this case.

Finally, both Esher and the State agree that the district court erred by using a criminal history score of B for both aggravated battery and criminal threat to calculate consecutive sentences. Under K.S.A. 21-4720, when imposing consecutive sentences, the sentencing judge imposes a base sentence for the crime with the highest severity rating, using the defendant's total criminal history score. A nonbase sentence for the remaining conviction must be calculated using a criminal history score of I. *State v. Bowen*, 20 Kan. App. 2d 576, 890 P.2d 374 (1995). Because the district court failed to determine a base sentence and a nonbase sentence, the sentence is vacated and the case remanded for resentencing.

Conviction affirmed, sentence vacated, and case remanded.