NOT DESIGNATED FOR PUBLICATION

No. 121,462

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW T. FISHER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed July 2, 2020. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., SCHROEDER, J., and LAHEY, S.J.

PER CURIAM: Matthew T. Fisher's convictions for attempted second-degree murder and criminal damage to property were affirmed by the Kansas Supreme Court. In this action under K.S.A. 2019 Supp. 60-1507, Fisher contends his trial counsel was ineffective and he seeks a new trial. The district court dismissed his motion for relief without an evidentiary hearing, and Fisher appeals that decision. We find no error by the district court and affirm its dismissal of Fisher's motion.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts leading to Fisher's conviction are detailed in Fisher's direct appeal, *State v. Fisher*, 304 Kan. 242, 373 P.3d 781 (2016). Highly summarized, Fisher spent the day leading up to the crimes drinking with his friend, Tim Worthen. The two spent the early afternoon drinking at Worthen's house, where Fisher was staying, and later that night they drank at various bars.

Fisher walked home alone from the last bar because Worthen left early to pick up his ex-wife, Angel. Fisher encountered police twice on his walk home, the second time right outside of Worthen's house. Fisher was agitated after the second police encounter and kicked a door open inside Worthen's house, damaging the door. Worthen and Angel were home when Fisher arrived. Fisher hit Worthen, who left and went to a neighbor's house. Fisher eventually got into a physical altercation with Angel that left her with life-threatening injuries.

Fisher left the house in Worthen's car after the altercation, but he crashed within a few blocks. Fisher was attended to by police and emergency medical technicians, who later testified Fisher kept mentioning Worthen's address. Fisher was also acting paranoid, refused an IV, and referred to an "assassin." As a result, officers requested a welfare check at Worthen's address. Fisher was also transported to the hospital.

Fisher spoke with police at the hospital, telling the first officer he spoke with that Angel had attacked him and he had defended himself. The next morning, Fisher was interviewed by a different police detective. Fisher told her he hit Angel because she would not tell him Worthen's location. Fisher did not mention self-defense at the later interview. At trial, Fisher's defense primarily focused on self-defense. A jury convicted him of attempted murder in the second degree and criminal damage to property.

Fisher appealed his convictions to our court, which affirmed in an unpublished opinion. See *State v. Fisher*, No. 109,706, 2014 WL 3731928, at *14 (Kan. App. 2014) (unpublished opinion). On review, our Supreme Court affirmed Fisher's underlying convictions. 304 Kan. at 263.

Fisher filed this action pro se but was appointed counsel by the district court. Before the district court, Fisher alleged three ways or areas in which his trial counsel was ineffective. Because Fisher only appeals the district court ruling as it relates to voluntary intoxication as a defense, we address only that claim. Fisher alleged his trial counsel was ineffective because voluntary intoxication was the defense that fit best with the evidence and testimony. He contended that trial counsel failed to prepare an argument for or develop evidence of voluntary intoxication and incorporate it into Fisher's defense. Fisher argued that his own testimony was "wholly inconsistent with the balance of the case" and voluntary intoxication would best explain and reconcile his "impaired memory" with other witness testimony.

The State argued Fisher's theory at trial was self-defense and, under *State v. Gonzales*, 253 Kan. 22, 23, 853 P.2d 644 (1993), a voluntary intoxication jury instruction was not proper unless there was evidence a defendant's mental capabilities were so impaired that he or she could not form the requisite specific intent. In *Gonzales*, the district court did not give a voluntary intoxication jury instruction despite evidence the defendant had consumed most of two 12-packs of beer just before stabbing the victim and the defendant's blood alcohol concentration was .196 within a half-hour after the stabbing. The *Gonzales* court relied on the fact the defendant was able to recall in detail the sequence of events leading up to the crimes he committed. 253 Kan. at 26. The State contended the facts of this case were very similar to *Gonzales* because Fisher's testimony displayed his ability to recall the sequence of events on the night of the crime. The State also argued Fisher's claims were conclusory and lacked merit. The State noted the district court refused to give the voluntary intoxication jury instruction because, like Gonzales,

3

Fisher was able to recall the events on the day of the crime. Finally, the State argued Fisher was not entitled to an evidentiary hearing because he could not show a reasonable probability the outcome would have been different if a voluntary intoxication jury instruction had been given.

In response, Fisher argued that even though *Gonzales* had not been overturned, cases after *Gonzales* had permitted inconsistent defenses. Fisher also argued the district court "made more of an argument for a voluntary intoxication instruction to be given in this case than defense counsel did." Fisher acknowledged his trial counsel requested a voluntary intoxication jury instruction, but he argued that in doing so, his trial counsel failed to cite any facts or cases that distinguished Fisher's case from *Gonzales*.

Fisher maintained that even though he testified at trial he remembered the details of events, much of the State's evidence was inconsistent with that testimony. Fisher pointed specifically to Worthen's testimony that Fisher kicked in the bedroom door at the residence and to law enforcement testimony about Fisher being intoxicated. He also noted the difference between how Fisher and law enforcement officers described their encounters with each other as examples of testimony that did not coincide with Fisher's testimony. Fisher contended his trial counsel's failure to point out these inconsistencies proved his trial counsel did not present an adequate argument for a voluntary intoxication jury instruction. Although Fisher described in detail his alcohol usage throughout the day of the crimes and he argued "[t]he record appears to be rife with testimony and evidence of [his] extreme intoxication," he contended his trial counsel was ineffective for failing to present evidence of the blood draw that would have shown his blood alcohol content on the night of the crime.

In its ruling, the district court observed there was ample evidence at trial of drinking and Fisher being significantly intoxicated. It found the evidence from a blood draw would simply have been cumulative of the evidence of intoxication in the record.

The district court also indicated there was nothing trial counsel could have done to change the district court's decision not to give a voluntary intoxication jury instruction.

Fisher timely appeals.

On appeal, Fisher challenges only the district court's ruling regarding his contention concerning voluntary intoxication as a defense. Fisher contends the district court erred by failing to grant him an evidentiary hearing on his claim that trial counsel "abandoned" voluntary intoxication as a defense. He alleges an evidentiary hearing should have been granted "to determine whether a voluntary intoxication defense was fairly investigated and considered, but abandoned in favor of pure self-defense, or if this was an error from lack of investigation and case preparation." Fisher also believed his trial counsel gave an unprepared argument for the voluntary intoxication jury instruction and failed to develop further evidence of Fisher's intoxication. Fisher argues he was prejudiced because his trial counsel's failure to pursue an involuntary intoxication defense likely deprived him from receiving a lesser conviction and significantly lower sentence.

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2019 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2020 Kan. S. Ct. R. 223) (preponderance burden). Here, Fisher contends his constitutional right to effective assistance of counsel was denied.

The right of an accused to have assistance of counsel for his or her defense is guaranteed by the Sixth Amendment to the United States Constitution and is "applicable to state proceedings by the Fourteenth Amendment." *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014). Moreover, the guarantee includes not only "the mere presence of counsel but also the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984)." *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014).

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. [Citations omitted.]" *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

When considering a K.S.A. 60-1507 motion, the district court's obligation is to hold an evidentiary hearing and make findings of fact and conclusions of law with respect thereto, "[u]nless the motion and the files and records of the case conclusively show the [movant] is entitled to no relief." K.S.A. 2019 Supp. 60-1507(b); Supreme Court Rule 183(f), (j). "[A] movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record." *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). The district court determined on the basis of the motion, files, and records of the case that Fisher was not entitled to relief.

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. See *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 (2015). The reviewing court must strongly presume that counsel's conduct fell within the broad range of

6

reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

Our standard of review depends upon how the district court handled the K.S.A. 60-1507 motion. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). In this case, the district court held a hearing on the State's motion to summarily dismiss and later issued an order dismissing Fisher's K.S.A. 60-1507 motion. When the district court dismisses a K.S.A. 60-1507 motion "based only on the motion, files, and records after a preliminary hearing, we are in as good a position as that court to consider the merits. So we exercise de novo review." *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

*Was the performance of trial counsel deficient under the totality of the circumstances*?

Fisher argues his lawyer "abandoned voluntary intoxication as a defense" based on an inadequate investigation of the law and facts. He contends an evidentiary hearing should have been granted to provide him an opportunity to interview his trial counsel to determine whether his trial counsel's approach regarding voluntary intoxication as a defense was an intentional strategic maneuver. Fisher essentially argues an attorney who was adequately apprised of the law and the facts would have vigorously pursued a voluntary intoxication jury instruction in a case that included the amount of evidence related to intoxication as there was in Fisher's case.

A review of the record plainly shows that self-defense was the strategy employed as the primary defense to the charges. Intoxication can certainly be viewed as inconsistent with that defense as it could tend to undermine the jury's perception of the reliability and accuracy of Fisher's self-defense explanation. And Fisher was the only evidentiary source for his self-defense claim. Fisher unquestionably displayed delusional behavior and was undoubtedly intoxicated. He also brutally beat Angel to the point that medical technicians

7

could not immediately tell whether the victim was a man or a woman. And Fisher admits to hitting and threatening to kill Angel before she attacked him from behind.

In Fisher's first statement to police, and throughout his trial testimony, Fisher points to self-defense as the sole justification for his actions. On direct examination, he described the physical altercation with Angel starting when he "felt an arm come across [his] throat" and pressure against his neck pulling him backwards. Fisher acknowledged he knew the arm had to be Angel's because she was the only other person near him, and he started "thrashing around" to get her off him. Fisher also admitted to being scared for his life and well-being because of Angel's hand-to-hand combat training in the Navy. Fisher also had defensive wounds tending to support his story Angel had attacked him.

Fisher testified that once he was able to remove Angel's arms from around his neck, he had to continue to defend himself because Angel did not quit attempting to grab him. Fisher explained he wanted to neutralize the situation "by putting her down on the ground like the police do when they grab you and they throw you down." Fisher took Angel down and told her to stay down. Because Angel did not stop attempting to scratch his face, Fisher then decided "just to stand up and . . . put my foot down on her to hold her."

Fisher explained that when he left the scene of the altercation it was his intention to go to the hospital to "get to a neutral place where it's safe and I can get safety from and find out if they can send people down there who can actually get answers as to what's going on." Fisher stated that he when got to the hospital, he remembered telling a police officer Angel attacked him.

From the record, it is evident the decision to pursue self-defense was a strategic decision. "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *State v. Cheatham*, 296 Kan. 417,

437, 292 P.3d 318 (2013). Based on all of the surrounding facts, but especially in light of the detailed statement of self-defense before and during trial, self-defense is clearly a reasonable defense strategy.

Fisher faults his trial counsel for failing to incorporate voluntary intoxication into his defense strategy, but he does not explain how a voluntary intoxication jury instruction would have either aided his self-defense claim or strategically impacted his self-defense claim. But he argues it would have given the jury an option, beyond pure self-defense, to find Fisher not guilty or guilty of a lesser offense.

Even though it was the district court, not Fisher's trial counsel, that originally suggested the possibility of the voluntary intoxication jury instruction, once the possibility was brought up, Fisher's trial counsel argued for and cited case law in support of giving the jury instruction during the jury instruction conference:

> "Your Honor, I'm just relying on some of the comments in PIK Fourth and it does indicate where a crime required a specific intent, voluntary intoxication may be a defense and that instruction is required and there is evidence to support the defense that came out of [*State v.*] *Sterling*[, 235 Kan. 526, Syl. ¶ 2, 680 P.2d 301 (1984),] and I believe if she had—even if the defense in this case of self-defense is inconsistent with voluntary intoxication, the defendant may rely on that defense."

The decision whether to give the jury instruction then rested with the district court. As our Supreme Court has emphasized in recent cases, a voluntary intoxication instruction is appropriate only if the defendant shows not only intoxication but also an impaired ability to form the required specific intent. See *State v. Morris*, 311 Kan. ___, 463 P.3d 417, 423 (2020); *State v. Craig*, 311 Kan. ___, 462 P.3d 173, 180-81 (2020); *State v. Becker*, 311 Kan. ___, 459 P.3d 173, 184-85 (2020).

If the district court erred by failing to give the voluntary intoxication jury instruction, that is a trial error by the court and not evidence of ineffective counsel. "[T]rial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised in a K.S.A. 60-1507 motion even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." *Trotter v. State*, 288 Kan. 112, Syl. ¶ 8, 200 P.3d 1236 (2009). Exceptional circumstances include:

> "'(1) ineffective assistance of trial counsel in failing to object regarding an issue; (2) ineffective assistance of direct appeal counsel in failing to raise the issue; or (3) newly discovered evidence or an unforeseeable change in circumstances or constitutional law unknown to counsel and the movant at the time of trial and direct appeal.'" *Calhoun v. State*, 56 Kan. App. 2d 185, 194, 426 P.3d 519 (2018), *rev. denied* 309 Kan. 1347 (2019).

Fisher did not raise the district court's failure to give the voluntary intoxication jury instruction in his direct appeal, and he may not bring it here absent exceptional circumstances. The only possible exception applicable here is the failure of trial counsel to object regarding an issue. Here, however, trial counsel did ask that the involuntary intoxication jury instruction be given, and the district court declined. Fisher's argument that his counsel was ineffective for not pursuing an involuntary intoxication defense could only have merit if such a jury instruction was appropriate under the facts.

Defense counsel's argument at the jury instruction conference also undermines Fisher's argument on appeal that his trial counsel abandoned voluntary intoxication as a defense. Fisher argues that "[h]ad trial counsel made very few additional evidentiary submissions, even with testimony from Fisher, the voluntary intoxication defense would have been allowed and the jury so instructed. The only element missing was the degree which Fisher's perception and state of mind was altered by alcohol." But this argument overlooks the fact that Fisher's trial counsel and the State adduced abundant evidence related to Fisher's intoxication, as evidenced in the record, by the district judge's order,

10

and our Supreme Court's decision in the direct appeal. The only additional intoxication evidence that Fisher would seek to introduce at an evidentiary hearing was his blood alcohol result on the night of the crime. However, the blood alcohol level would simply be cumulative as Fisher's intoxication is apparent from the existing record. It was the district court, not Fisher's trial counsel, that was tasked with ultimately deciding what jury instructions to give to the jury based on the evidence presented. "In a criminal action, a trial court must instruct the jury on the law applicable to the theories of all parties where there is supporting evidence." *State v. Hunter*, 241 Kan. 629, 644, 740 P.2d 559 (1987).

Under the totality of the circumstances, Fisher does not demonstrate his counsel's performance fell below an objective standard of reasonableness. Thus, Fisher's claim his trial counsel was ineffective is not supported by the record. We affirm the district court's dismissal of Fisher's K.S.A. 60-1507 motion without an evidentiary hearing.

Affirmed.