NOT DESIGNATED FOR PUBLICATION

No. 122,956

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRETT WHEELER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed October 15, 2021. Affirmed.

*Michelle David*, of The David Law Office LLC, of Lawrence, for appellant.

*Michael R. Serra*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and CLINE, JJ.

PER CURIAM: This is another chapter in Brett Wheeler's 30-year saga to escape his convictions for raping and sodomizing two women in separate attacks. The Shawnee County District Court found this habeas corpus motion, filed under K.S.A. 60-1507, to be both untimely and impermissibly successive and summarily denied Wheeler any relief. He has appealed. We see no error and affirm.

By way of background, Wheeler was charged in late 1986 with one count of rape and one count of aggravated sodomy stemming from an incident involving J.T. and with precisely the same offenses for a separate incident involving D.T. A jury convicted

1

Wheeler of all four charges in a trial in mid-1987. Under the criminal code in effect then, the district court imposed a sentence of 10 years to life for each conviction and ordered Wheeler to serve the sentences concurrently. Wheeler filed a direct appeal. The Kansas Supreme Court affirmed the convictions, and the appeal became final in May 1989. See *State v. Wheeler*, No. 61,437, unpublished opinion filed April 14, 1989, slip op. at 7.

Wheeler has made a near vocation of challenging the convictions and resulting sentences since then in various postconviction proceedings, including multiple habeas corpus motions. They have all been unsuccessful. Wheeler was conditionally released from prison on parole and didn't succeed at that either. After his reincarceration, Wheeler resumed his legal challenges to the convictions. We recently outlined the course of Wheeler's postconviction efforts in *Wheeler v. State*, No. 120,189, 2020 WL 34552, at *1-2 (Kan. App. 2d) (unpublished opinion), *rev. denied* 312 Kan. 902 (2020). We do not repeat those circumstances here, except to point out that this habeas corpus motion is the latest in a series and, therefore, is indisputably successive. It is, likewise, untimely.

Individuals launching collateral attacks on their criminal convictions under K.S.A. 60-1507 are expected to raise all of their claimed grounds for relief in a single, timely motion. See *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1095 (2013); *Ridge v. State*, No. 118,744, 2019 WL 638736, at *1 (Kan. App. 2019) (unpublished opinion). A 60-1507 motion is considered untimely if it is filed more than a year after the last order of an appellate court in the direct appeal or the expiration of the time to seek direct appellate review. K.S.A. 2020 Supp. 60-1507(f). (Because the one-year time limit went into effect in 2003, Wheeler had a grace period that expired June 30, 2004, to file a timely 60-1507 motion from his convictions.)

But there are exceptions to the bars on successive or untimely 60-1507 motions. By statute, a district court may consider a 60-1507 motion filed outside the one-year period if the movant establishes "manifest injustice" meaning either adequate cause for

2

having missed the deadline or "a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Similarly, a district court may consider a successive 60-1507 motion if the movant demonstrates "exceptional circumstances" entailing unusual events or changes in the law that could not have been anticipated or considered in an earlier motion. See *Nguyen v. State*, 309 Kan. 96, 109, 431 P.3d 862 (2018). Sufficient circumstances include legally ineffective representation in an initial 60-1507 motion or a showing of actual innocence. 309 Kan. at 108-09 (actual innocence as exceptional circumstance); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (ineffective assistance of counsel as exceptional circumstance).

Upon receiving a 60-1507 motion, a district court essentially has three options. The district court can summarily dismiss the motion after reviewing it and the contents of the criminal case file. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014); *Bellamy v. State*, 285 Kan. 346, 353-54, 172 P.3d 10 (2007). The motion should be dismissed without a hearing only if the allegations and the case records "conclusively show that the prisoner is entitled to no relief." K.S.A. 2020 Supp. 60-1507(b); Supreme Court Rule 183(f) (2021 Kan. S. Ct. R. 239). The district court followed that course here. Otherwise, a district court has two choices after appointing a lawyer for an unrepresented movant. It can conduct a preliminary hearing during which the prosecutor and lawyer for the defendant present legal argument and otherwise address whether the circumstances call for a full evidentiary hearing. The district court may receive a limited amount of evidence at a preliminary hearing. *Bellamy*, 285 Kan. at 354. Finally, the district court can dispense with a preliminary hearing and hold a full evidentiary hearing. See *Sola-Morales*, 300 Kan. at 881.

When the district court summarily denies a 60-1507 motion, we exercise unlimited review. We can examine the motion and the case file just as well as the district court, and the district court's determination requires no weighing of conflicting testimony or other evidence to which we would owe deference. See *Bellamy*, 285 Kan. at 354.

On appeal, Wheeler contends he alluded to being actually innocent in his 60-1507 motion, so we should remand to the district court for an evidentiary hearing. We disagree. Wheeler was obligated to offer factual representations in his motion supported with evidentiary materials setting out a colorable claim of actual innocence. *Beauclair v. State*, 308 Kan. 284, 302, 419 P.3d 1180 (2018). His bare assertion of or reference to actual innocence was insufficient to warrant an evidentiary hearing. In *Beauclair*, the court expressly rejected the notion an unsupported claim of actual innocence was enough to avoid the time limit on 60-1507 motions. 308 Kan. at 302; see also *Makthepharak v. State*, No. 121,285, 2020 WL 5994108, at *1 (Kan. App. 2020) (unpublished opinion)(citing *Beauclair* for proposition that "conclusory and unsupported representations. . . do not establish a bona fide claim of actual innocence lifting the time bar" in K.S.A. 60-1507[f]), *rev. denied* 313 Kan. 1041 (2021). Apart from his cursory claim of actual innocence, Wheeler has offered no other legal reason warranting consideration of a motion that is successive several times over and years late. He, therefore, cannot overcome the bar on successive motions. The district court properly denied Wheeler's motion as both untimely and impermissibly successive without an evidentiary hearing.

Although that is sufficient to dispose of this appeal, we have examined Wheeler's underlying claim for relief as a double-check on our decision. His legal theory is empty. Based on *State v. Cantrell*, 234 Kan. 426, Syl. ¶ 9, 673 P.2d 1147 (1983), Wheeler correctly asserts that in 1986 rape was a general intent crime, meaning defendants did not have to subjectively believe or understand they were committing rape, i.e., a nonconsensual act of sexual intercourse. And we presume, as Wheeler does, the same would have been true of criminal sodomy. But Wheeler's legal argument falters on his next premise:  The district court in his criminal case improperly instructed the jurors that rape and sodomy were specific intent crimes when it informed them Wheeler had to engage in the sex acts "intentionally." The instructions then defined "intentionally" as being "willful" in the sense of "purposeful. . . and not accidental." The language in the

4

jury instructions identified and accurately explained what was then considered general criminal intent. See *State v. Sterling*, 235 Kan. 526, 527, 680 P.2d 301 (1984); *State v. Lassley*, 218 Kan. 752, 756, 545 P.2d 379 (1976).

In short, what Wheeler described in his 60-1507 motion as a legal error in the jury instructions simply wasn't. He has sought relief based on a correct statement of the law the district court provided the jurors during the trial. To momentarily wallow in the obvious, correct legal statements do not reversible error make. Nor do they support a claim of constitutionally inadequate representation or a comparable defect warranting habeas corpus relief.[*]

[*]The recodification of the Kansas Criminal Code that went into effect in 2011 includes revised definitions of culpable mental states, altering the concepts of general and specific criminal intent in some respects. K.S.A. 2020 Supp. 21-5202(h)-(j) (culpable mental states defined); see *State v. Hobbs*, 301 Kan 203, 210-11, 340 P.3d 1179 (2015) (recognizing after 2011 recodification general criminal intent no longer "mean[s] what it once did"). Those statutory changes have no impact on Wheeler's 1987 convictions and the substantive law governing them.

Affirmed.