No. 94,268

STATE OF KANSAS, *Appellee*, v. DARRON EDWARDS, *Appellant*.

(135 P.3d 1251)

Opinion filed June 16, 2006.

Carl F.A. Maughan, of Maughan Hitchcock Intagliata LC, of Wichita, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Darron Edwards appeals the district court's summary denial of his pro se motion to correct an illegal sentence, filed pursuant to K.S.A. 22-3504(1). As Edwards' sentence includes a term of life imprisonment, this court has jurisdiction pursuant to K.S.A. 22-3601(b)(1). See *State v. Thomas*, 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986) (jurisdiction over appeal of motion to correct

illegal sentence lies with court that had jurisdiction to hear original appeal).

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Edwards' convictions are set out in *State v. Pratt*, 255 Kan. 767, 876 P.2d 1390 (1994), the direct appeal of Edwards' codefendant. In September 1991, Edwards and Pratt entered the Wichita residence of 64-year-old M.C. and her 92-year-old mother, R.C. M.C. was beaten by Pratt, and Edwards raped and sodomized her. Pratt ransacked the home for valuables. The pair forced both women into M.C.'s automobile, and Edwards drove them to Emporia. Pratt got out of the vehicle before it left Wichita. On the way to Emporia, Edwards attempted to again rape M.C. 255 Kan. at 767, 770-71. Additionally, Edwards continued on to Emporia and raped M.C. again while in Lyon County.

Pursuant to a plea bargain, defendant pled guilty to eight felonies, for which he received the sentences to which he had agreed. Specifically, the crimes and sentences were as follows:

Count 1, aggravated kidnapping, life term
Count 2, aggravated kidnapping, life term
Count 3, rape, 15 years to life
Count 4, aggravated criminal sodomy, 15 years to life
Count 5, aggravated burglary, 5 to 20 years
Count 6, attempted rape, 5 to 20 years
Count 7, aggravated battery, 5 to 20 years
Count 8, rape, 15 years to life

Counts 1, 2, 3, and 4 were ordered to run concurrent with each other, which established one life sentence as the controlling term. Counts 5, 6, and 7 were ordered to run concurrent with each other, for a term of 5 to 10 years, but consecutive to the sentence for counts 1 through 4. The 15 years to life term on count 8 was ordered to run consecutive to those in Counts 5, 6, and 7. *State v. Edwards*, 254 Kan. 489, 867 P.2d 355 (1994).

Prior to the filing of the motion herein, Edwards had filed 12 other postconviction motions and original actions. The basic theme of these prior proceedings was to obtain the relief of reduction of the aggravated kidnapping convictions to simple kidnapping based

primarily on the complaint's failure to allege bodily harm to the victims. As noted in a Court of Appeals unpublished opinion, the defendant has made numerous attempts "to put a new cover on a worn out issue." *State v. Edwards*, No. 85,355, unpublished opinion filed January 25, 2002.

In the case before us, Edwards is seeking the same relief—reduction of the aggravated kidnapping convictions to simple kidnapping for alleged problems with the bodily harm element. With this new cover on the issue, Edwards now contends the bodily harm came at least partially from the aggravated battery, attempted aggravated criminal sodomy, attempted rape, and the two rapes. He, therefore, concludes there is a multiplicity problem that renders his sentences for aggravated kidnapping illegal.

The district court summarily dismissed this action as being an abuse of remedy and improper use of K.S.A. 22-3504(1). Defendant appeals therefrom. He also contends summary dismissal was inappropriate as K.S.A. 22-3504(1) requires the appointment of counsel and the setting of the motion for hearing.

## ILLEGAL SENTENCE STATUTE

Before consideration of the issue on the merits, we must first determine whether the multiplicitous claims fit within the definition of "illegal sentence" as contemplated by K.S.A. 22-3504(1).

To constitute an illegal sentence under the statute, the sentence must be a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Gayden*, 281 Kan. 290, Syl. ¶ 1, 130 P.3d 108 (2006).

This court has repeatedly held that K.S.A. 22-3504(1) has very limited applicability. *State v. Gayden*, 281 Kan. at 293.

## DISCUSSION

Defendant argues his aggravated kidnapping convictions and sentences are multiplicitous and, accordingly, are "illegal sentences" under the definition because:

(1) The sentences do not conform to the "statutory provision;" and

(2) the court was without jurisdiction to sentence defendant for aggravated kidnapping.

Defendant does not contend his claim comes within the third prong of the definition, that is, the sentence is ambiguous.

We shall first consider whether the multiplicity claim fits within the statutory provision prong of the illegal sentence definition. In *Gayden*, Gayden sought relief under this prong on the basis that the killing of one person and injuring of five others in defendant's shooting spree in a crowded bar arose from a single wrongful act and, accordingly, multiple punishments were prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *Gayden* held:

"To meet the definition of an illegal sentence, as defined by this court, the defendant's claim must allege that his sentence does not conform to the statutory provision, either in the character or the term of the punishment authorized. This court has held that K.S.A. 22-3504(1) has very limited applicability. *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000). A sentence is illegal only if it fits within the definition. A claim that a sentence fails to conform to *constitutional* requirements is not a claim it fails to conform to *statutory* requirements. Thus, the defendant's claim does not fit within the limited, narrow definition of an illegal sentence." 281 Kan. at 293.

"Statutory provision" as applicable to K.S.A. 22-3504(1) is the statute defining the crime and assigning the category of punishment to be imposed. For example, aggravated criminal sodomy, to which defendant pled guilty, was defined in K.S.A. 21-3506 (1988 Ensley) and categorized as a Class B felony. There is no claim that defendant was not sentenced in conformity with the statutory provisions defining each of the eight felonies.

*Gayden* is dispositive of this issue.

Next we will consider whether the first prong of the illegal sentence definition, "a sentence imposed by a court without jurisdiction," is applicable under the claims made herein. *Gayden*, 281 Kan. 290, Syl. ¶ 1. Again, the claim is that the aggravated kidnapping convictions are multiplicitous with some of the lesser convic-

tions as they supply the bodily harm element for aggravated kidnapping convictions.

The Double Jeopardy Clause protects individuals from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Rayton*, 268 Kan. 711, 724, 1 P.3d 854 (2000). The defendant contends that alleged violation of the Double Jeopardy Clause's prohibition against multiple punishments for the same offense deprived the district court of jurisdiction to impose sentence on the two aggravated kidnapping convictions.

We disagree.

Jurisdiction is acquired in a criminal case upon the filing of a complaint, indictment, or information. *State v. Brown*, 280 Kan. 898, 901, 127 P.3d 257 (2006).

"As long as the complaint, indictment, or information alleges the elements of the offense intended to be charged, sufficiently apprises the defendant of the facts he or she must be prepared to meet, and is specific enough to determine a subsequent plea of double jeopardy, the district court has subject matter jurisdiction. *State v. Sims*, 254 Kan. 1, 9, 862 P.2d 359 (1993)." 280 Kan. at 901.

As previously noted, the complaint filed herein did not specifically allege that the victims of the two aggravated kidnappings suffered bodily harm. That defect underlies the claims made in the 12 prior postconviction proceedings. It has been repeatedly judicially determined that, notwithstanding this defect, defendant was properly convicted of and sentenced on two counts of aggravated kidnapping upon his plea of guilty under the circumstances herein.

The complaint on its face and as previously determined on judicial review is sufficient under *Brown* for the district court to acquire jurisdiction. There is no doubt it is specific enough to permit a determination of a subsequent plea of double jeopardy should the State attempt to charge Edwards again with any of the eight felonies for which he has been convicted.

This issue raises a question that was not raised or answered in *Gayden*; whether sentences imposed for multiplicitous convictions in violation of double jeopardy are "sentence[s] imposed by a court

without jurisdiction," as contemplated by the definition of an illegal sentence. *Gayden*, 281 Kan. at 291.

While this precise issue has not been addressed directly, the Court of Appeals in *State v. Esher*, 22 Kan. App. 2d 779, 781, 922 P.2d 1123, *rev. denied* 260 Kan. 997 (1996), *overruled on other grounds*, *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006), held that multiplicity is not a jurisdictional defect. To reach that conclusion, the panel noted that the remedy imposed for multiplicitous convictions is to vacate one of the convictions—a remedy not possible if multiplicity deprived the district court of jurisdiction. 22 Kan. App. 2d at 781-82.

This analysis is supported by the remedy imposed for the multiplicitous aggravated kidnapping and sex crime convictions in *State v. Robbins*, 272 Kan. 158, 32 P.3d 171 (2001), and *State v. Garcia*, 272 Kan. 140, 32 P.3d 188 (2001). Holding that the charge of aggravated kidnapping was the multiplicitous offense, the court in each case vacated the aggravated kidnapping conviction and sentence and remanded for resentencing on the lesser included offense of simple kidnapping. *Robbins*, 272 Kan. at 187-88; *Garcia*, 272 Kan. at 147.

That result would not be possible if multiplicity were a jurisdictional defect, as lack of jurisdiction for the greater offense would have precluded a conviction for the lesser offense. *Cf. State v. Shumway*, 30 Kan. App. 2d 836, 850, 50 P.3d 89, *rev. denied* 274 Kan. 1117 (2002) ("If a district court possesses jurisdiction over an offense charged in a complaint, it equally possesses jurisdiction to convict the defendant of a lesser included offense."); see also *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000) (quoting *State v. Horn*, 20 Kan. App. 2d 689, Syl. ¶ 1, 892 P.2d 513, *rev. denied* 257 Kan. 1094 [1995]) (" '[I]f a crime is not specifically stated in the information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a defendant of the crime.' ").

Further, the idea that a court lacks jurisdiction to impose sentences for multiplicitous convictions is contradicted by the rule that a defendant who enters a voluntary plea of guilty waives the right to subsequently assert a double jeopardy attack on his or her sen-

tences. *United States v. Broce*, 488 U.S. 563, 102 L. Ed. 2d 927, 109 S. Ct. 757 (1989).

In *Broce*, the defendants pled guilty to two counts of conspiring to rig bids, in violation of the Sherman Act, 15 U.S.C. § 1 (2000). The charges arose out of two Kansas highway construction projects in 1978 and 1979. 488 U.S. at 565. In a separate case, another highway contractor, Beachner, was acquitted of a bid rigging conspiracy charge involving a third Kansas highway construction project. After that acquittal, the government charged Beachner with three other bid rigging conspiracies involving three different Kansas highway projects. Beachner moved to dismiss the charges, arguing that the bid rigging arrangements were part of an single overarching conspiracy among highway contractors during the relevant time period. Beachner argued that, because it had been acquitted in the previous case, the new charges for the same conspiracy violated double jeopardy. 488 U.S. at 566-67. The district court agreed and granted Beachner's motion to dismiss.

Thereafter, the *Broce* defendants filed a motion attacking their sentences under Federal Rule of Criminal Procedure 35(a), which, at that time, provided for the correction of an illegal sentence at any time. They claimed that because their conspiracy convictions arose out of a single conspiracy, their convictions were multiplicitous and the sentences imposed were illegal in violation of the Double Jeopardy Clause. *United States v. Broce*, 753 F.2d 811, 813 (10th Cir. 1985). The district court denied the motion, holding that the defendants' guilty pleas admitted two separate conspiracies, barring them from subsequently asserting the contrary. 488 U.S. at 567-68. The Tenth Circuit reversed, rejecting the government's argument that the defendants' guilty pleas waived their right to assert a double jeopardy claim. 488 U.S. at 568.

On appeal, the United States Supreme Court reversed the Tenth Circuit and held that a defendant who enters a guilty plea waives the right to assert a collateral attack on his or her sentences on the basis that the convictions were multiplicitous and the sentences imposed violated double jeopardy:

"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful

sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court has no power to enter the conviction or impose the sentence." *Broce*, 488 U.S. at 569.

*Broce* has been adopted in Kansas. In *Thompson v. State*, 23 Kan. App. 2d 305, 929 P.2d 803 (1996), the Court of Appeals applied *Broce* and held that a guilty plea waives all nonjurisdictional defects, including a claim of double jeopardy. 23 Kan. App. 2d 305, Syl. ¶ 2. The panel also relied on *In re Habeas Corpus Application of Coulter*, 18 Kan. App. 2d 795, 860 P.2d 51 (1993). In that case, the Court of Appeals held that a guilty plea waived the right to assert a double jeopardy claim on collateral attack. Chief Judge Briscoe, writing for the panel, cited *Broce* and K.S.A. 22-3208(4):

"K.S.A. 22-3208(4) provides in pertinent part:

'A plea of guilty or a consent to trial upon a complaint, information or indictment shall constitute a waiver of defenses and objections based upon the institution of the prosecution or defects in the complaint, information or indictment other than it fails to show jurisdiction in the court or to charge a crime.'

"If an individual pleads guilty in a prosecution, that individual generally waives the right to claim that the prosecution constituted double jeopardy. *United States v. Broce*, 488 U.S. 563, 574-75, 102 L. Ed. 2d 927, 109 S. Ct. 757 (1989). See *Cox v. State*, 197 Kan. 395, 402, 416 P.2d 741 (1966) (even if double jeopardy is raised as a defense, it is abandoned by a subsequent plea of guilty, and a claim of double jeopardy is not available in a subsequent habeas corpus action)." 18 Kan. App. 2d at 797.

Because a guilty plea waives all nonjurisdictional defects, including claims of double jeopardy, multiplicity is not a jurisdictional defect.

We therefore conclude a claim that sentences are multiplicitous is not a claim that the sentences were imposed by a court without jurisdiction as is necessary to come within the narrow definition of illegal sentence under K.S.A. 22-3504(1).

Most of Edwards' brief is devoted to claimed error in the district court's summary dismissal of his motion to correct an illegal sentence.

K.S.A. 22-3504(1) provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

Defendant contends the language in the statute is mandatory and that, accordingly, the summary dismissal was erroneous. In *State v. Duke*, 263 Kan. 193, 195-96, 946 P.2d 1375 (1997), a like issue was raised. We reasoned:

"The language authorizing preliminary judicial examination to determine whether or not substantial questions of law or fact are raised appears in K.S.A. 22-4506, which provides in pertinent part:

'(a) Whenever any person who is in custody under a sentence of imprisonment upon conviction of a felony files a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and files with such petition or motion such person's affidavit stating that the petition or motion is filed in good faith and that such person is financially unable to pay the costs of such action and to employ counsel therefor, the court shall make a preliminary examination of the petition or motion and the supporting papers.

'(b) If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person as provided in K.S.A. 22-4504 and amendments thereto, the court shall appoint counsel . . . .'

"Our decisions have been quite uniform in upholding the propriety of such preliminary examinations on all post-trial motions filed later than 10 days after trial. There is no indication that a motion to correct an illegal sentence was intended by the legislature to be treated differently from a K.S.A. 60-1507 attack upon a sentence. Logic does not require a different treatment. What purpose is served if, unlike another post-trial motion, the filing of a bare-bones conclusory motion to correct an allegedly illegal sentence triggers a full-blown hearing with defense counsel and the presence of the defendant? We believe the key words in K.S.A. 22-3504(1) relative to the issue before us are 'any proceeding.' The district court should make the preliminary examination as to whether substantial questions of law or fact are raised. If the findings are in the negative, the court should summarily deny the motion. This is not a 'proceeding' within the language of the statute. If the findings are in the affirmative, then the matters can only be resolved in a 'proceeding' as set forth in the statute.

"The motions herein were filed long after the sentences were imposed and direct appeals determined. The issues would not arise if the motion is filed so

close in time to the imposition of sentence that it is a continuation of the representation afforded at the sentencing.

"In summary, we hold K.S.A. 22-3504(1) does not eliminate a district court's duty to preliminarily examine a motion to correct an allegedly illegal sentence to determine if substantial issues of law or fact are raised. If no such issues are found to have been raised, the motion may be summarily dismissed."

We then concluded that no abuse of discretion had been shown in the district court's summary dismissal of the motion to correct an illegal sentence.

Edwards argues that *Duke* was wrongly decided and the language of the statute is mandatory. We adhere to our holding in *Duke*.

In the alternative, Edwards argues that his motion raised significant legal and factual issues and that the district court's dismissal after preliminary examination constituted an abuse of judicial discretion.

We disagree. The district court held that the motion was an "[a]buse of remedy" and "[i]mproper use of K.S.A. 22-3504(1)." In other words, the district court made a preliminary examination and concluded that the grounds for relief sought in the motion did not fit within the limited, narrow definition of "illegal sentence." We agree and find no abuse of discretion in that determination.

The judgment is affirmed.