NOT DESIGNATED FOR PUBLICATION

No. 111,992

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK JACKSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed September 4, 2015. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Sherri Schuck*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., ARNOLD-BURGER, J., and JOHNSON, S.J.


*Per Curiam*:  Mark Jackson pled no contest to and was convicted of a single count of indecent liberties with a child. The sentence handed down by the district court included a 24-month postrelease supervision term. Later, the State moved to correct Jackson's sentence, reasoning that it failed to conform to the postrelease supervision statute and was therefore illegal. The district court agreed and modified Jackson's postrelease supervision term from 24 months to lifetime, and Jackson appeals. Because we find that the sentence initially imposed did not conform to the mandatory statutory requirement that persons convicted of a sexually violent crime "shall be subject" to

1

lifetime postrelease supervision under K.S.A. 2011 Supp. 22-3717(d)(1)(G), we affirm the district court's correction of an illegal sentence.

## FACTUAL AND PROCEDURAL HISTORY

Pursuant to a plea agreement with the State, Jackson pled no contest to indecent liberties with a child and was convicted. The district court sentenced him to 32 months' imprisonment and 24 months' postrelease supervision.

Nearly 2 years later, the State filed a motion to correct illegal sentence. The motion alleged that the Department of Corrections had informed the State that Jackson's conviction required a lifetime postrelease supervision term rather than one of only 24 months. At a hearing on the motion, Jackson argued that his sentence was legal as the controlling statute allowed for either the lifetime postrelease supervision term or a 24-month term. The State, however, maintained that the statute mandated that those individuals convicted of sexually violent offenses—Jackson included—be subject to lifetime postrelease supervision.

Reasoning that the statute and Kansas caselaw required those offenders convicted of sexually violent crimes receive a lifetime postrelease term, the district court granted the State's motion. The district court filed a corrected journal entry of sentencing shortly thereafter, and Jackson timely appealed.

## ANALYSIS

An illegal sentence may be corrected at any time. K.S.A. 22-3504(1). That said, the term "illegal sentence" is actually defined very narrowly. As such, a sentence is only illegal if it is either:  (1) imposed by a court without jurisdiction; (2) out of conformity with the applicable statutory provision, either in the character or term of the authorized

punishment; or (3) "ambiguous with respect to the time and manner in which it is to be served." *State v. Edwards*, 281 Kan. 1334, Syl. ¶ 1, 135 P.3d 1251 (2006). It is the second scenario that is at issue in this case.

In sentencing Jackson to 24 months' postrelease supervision, the district court presumably followed the language present in K.S.A. 2011 Supp. 22-3717(d)(1)(B). This particular subsection provides in relevant part that "persons sentenced for nondrug severity levels 5 and 6 crimes . . . must serve 24 months" of postrelease supervision. K.S.A. 2011 Supp. 22-3717(d)(1)(B). However, another subsection of the same statute provides that "persons convicted of a sexually violent crime committed on or after July 1, 2006, . . . shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2011 Supp. 22-3717(d)(1)(G). Indecent liberties with a child is one of the many sexually violent crimes to which this statute applies. K.S.A. 2011 Supp. 22-3717(d)(2)(B). The district court based its decision on the motion to correct illegal sentence on the mandate present in this subsection.

Jackson admits that he was convicted of a sexually violent crime. Moreover, he admits that K.S.A. 2011 Supp. 22-3717(d)(1)(G) could potentially apply in his case. But he reasons that because K.S.A. 2011 Supp. 22-3717(d)(1) as a whole demonstrates that his sentence carries with it a supervision period of either 24 months *or* his lifetime, his original sentence also conformed with the statute and was therefore legal.

Because this case hinges on statutory interpretation, this court exercises unlimited review. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

Our Kansas Supreme Court's decision in *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012), is dispositive on this issue. There, the defendant argued that the district court erred in imposing lifetime postrelease supervision for his sexually violent crime

because the controlling statute also authorized a shorter period—namely, 24 months. But our Supreme Court disagreed, explaining:

> "[W]hen we consider the provisions of K.S.A. 22-3717(d)(1) *in pari materia* with a view of reconciling and bringing the provisions into workable harmony there is no reasonable doubt that the legislature intended the more specific and more severe provision of (d)(1)(G) to apply to a sentence imposed for a conviction of a sexually violent offense . . . . This means that an offender convicted of a 'sexually violent crime' committed after July 1, 2006, must be sentenced to receive lifetime postrelease supervision upon release from prison." 294 Kan. at 900.

As previously explained, an illegal sentence is one that fails to conform to the applicable statutory provision. See *Edwards*, 281 Kan. 1334, Syl. ¶ 1. K.S.A. 2011 Supp. 22-3717(d)(1)(G) requires that a defendant convicted of a sexually violent crime must be sentenced to lifetime postrelease supervision. See *Cameron*, 294 Kan. at 900; *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 12, 218 P.3d 432 (2009). Any other term of postrelease supervision therefore fails to conform to the statute and is illegal. Moreover, the postrelease supervision statute explicitly excludes individuals convicted of sexually violent offenses from its more general provisions, providing: "Persons sentenced for crimes, *other than . . . persons subject to subparagraph (G)* . . . will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence." (Emphasis added.) K.S.A. 2011 Supp. 22-3717(d)(1). Clearly, the only applicable postrelease supervision period in this case was that of lifetime postrelease, rendering the original sentence illegal. Therefore, the district court did not err in correcting Jackson's sentence.

Affirmed.