NOT DESIGNATED FOR PUBLICATION

No. 114,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY L. ANTALEK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed July 29, 2016. Affirmed.

*Carl Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.


*Per Curiam*:  Terry L. Antalek was convicted of attempted first-degree murder, aggravated assault, and two counts of aggravated criminal sodomy in 2009. His criminal history score was calculated as B based in part on two pre-1993 Kansas convictions that were classified as person felonies. In 2014, Antalek filed motions to correct an illegal sentence, challenging the classification of his prior convictions as person felonies. The motions were summarily denied. Antalek now appeals.

1

Because we find that the court did not err in classifying his prior convictions as person felonies and summary disposition of his motions was appropriate, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Antalek was convicted by a jury of attempted first-degree murder, aggravated assault, and two counts of aggravated criminal sodomy in 2009. *State v. Antalek*, No. 104,494, 2012 WL 2148162, at *3 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1131 (2013). He was sentenced to 765 months in prison. The sentence was based in part on the district court's finding that Antalek's criminal history score was B due to two pre-1993 convictions that were classified as person felonies.

In 2014, Antalek filed two motions to correct an illegal sentence with the district court arguing that his pre-1993 convictions should have been scored as nonperson felonies, one pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and one pursuant to *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Both motions were denied without a hearing. Antalek now appeals the district court's denial of his motions.

ANALYSIS

*The district court did not err when it classified two of Antalek's prior convictions as person felonies.*

Antalek contends that the district court erred when it denied his motions to correct an illegal sentence because his criminal history score was improperly calculated and resulted in the imposition of an illegal sentence. Because K.S.A. 22-3504(1) grants courts the authority to correct illegal sentences at any time, it is not necessary for a defendant to

2

object at sentencing to preserve the issue for appeal, and res judicata will not bar consideration of the issue despite the fact that it could have been raised on direct appeal. See *Dickey*, 301 Kan. at 1027 (holding that a defendant does not have to object to his/her criminal history score at sentencing in order to later challenge it); *State v. Taylor*, 299 Kan. 5, 6-8, 319 P.3d 1256 (2014) (considering the merits of Taylor's motion to correct an illegal sentence despite the fact that he had previously brought a direct appeal).

A sentence is illegal if: (1) the sentencing court lacked jurisdiction to impose it; (2) the sentence "does not conform to the applicable statutory provision, either in character or the term of authorized punishment;" or (3) the sentence "is ambiguous with respect to the time and manner in which it is to be served." *Taylor*, 299 Kan. at 8. Kansas courts narrowly construe K.S.A. 22-3504 so that only rarely will sentences be found illegal. See *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006). Whether a sentence is illegal is a question of law that this court reviews de novo. *Taylor*, 299 Kan. at 8. To the extent that the arguments Antalek makes require this court to engage in statutory interpretation, such review is also unlimited. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2015).

Antalek sets forth three reasons the district court erred when it scored his two pre-1993 in-state convictions (one in 1980 for aggravated burglary and one in 1986 for rape) as person felonies; each will be considered in turn.

Dickey *does not apply in the case of a pre-1993 conviction for aggravated burglary.*

First, Antalek argues that *Dickey*, 301 Kan. 1018, controls the outcome here in regards to his aggravated burglary conviction. In *Dickey*, the appellant contested the classification of a 1992 in-state juvenile adjudication for burglary as a person felony. At the time of Dickey's adjudication, the burglary statute in effect did not delineate between

3

situations in which burglary would qualify as a person felony and those in which it would qualify as a nonperson felony. Additionally, the statute did not distinguish between dwellings and other structures—the distinction that was the basis for classifying a burglary as a person or nonperson felony when the KSGA was amended in 1993. As a result, it was impossible to tell whether Dickey had committed a burglary that would qualify as a person-felony without engaging in fact-finding. The *Dickey* court concluded that the adjudication had to be scored as a nonperson felony because the judicial fact-finding that would have been necessary to score it otherwise was constitutionally prohibited by *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2288-89, 186 L. Ed. 2d 438 (2013). *Dickey*, 301 Kan. at 1039.

But this case is distinguishable from *Dickey* in one crucial way:  Antalek's pre-1993 conviction was for *aggravated* burglary rather than burglary. The statute under which Antalek was convicted in 1980 was K.S.A. 21-3716 (Weeks), which covered burglary of a building or structure "in which there is some human being." Thus, no additional judicial fact-finding was needed, and *Dickey* is inapplicable. See also *State v. Loggins*, No. 113,640, 2016 WL 368111 (Kan. App. 2016) (unpublished opinion) (holding *Dickey* does not apply to aggravated burglary convictions); *State v. Kirk*, No. 113,542, 2015 WL 7694132 (Kan. App. 2015) (unpublished opinion) (same), *petition for rev. filed* December 16, 2015.

Murdock *does not apply here.*

Next, Antalek argues that *Murdock* applies and prevents the district court from classifying *any* pre-1993 convictions, either in or out-of-state, as person felonies. Accordingly, he contends that his pre-1993 aggravated burglary conviction and his pre-1993 rape conviction must be treated as nonperson felonies.

4

In *Murdock*, our Supreme Court considered a challenge to a district court's classification of two pre-1993 out-of-state convictions as person felonies. The Supreme Court reached its result in *Murdock* by extending the holding of *State v. Williams*, 291 Kan. 554, 560, 244 P.3d 667 (2010), which established the rule that, for the purpose of scoring them, prior out-of-state convictions should be compared to Kansas crimes/statutes in effect on the date the prior crime was committed. *Murdock* considered the impact of the *Williams* holding on the system of categorizing crimes as person or nonperson felonies for the purpose of calculating a defendant's criminal history score. 299 Kan. at 317-19. The court in *Murdock* held: "Murdock's two prior out-of-state convictions must be scored as nonperson offenses under K.S.A. 21-4710(d)(8) following our controlling *Williams* precedent. We recognize this rule results in the classification of all out-of-state pre-1993 crimes as nonperson felonies." 299 Kan. at 319.

Even while *Williams* and *Murdock* controlled the way in which district courts classified prior out-of-state convictions, this court repeatedly held that pre-1993 *in-state* convictions should be classified as person or nonperson crimes "for criminal history purposes by comparing the offenses to current guidelines offenses." *State v. Waggoner*, 51 Kan. App. 2d 144, 153, 343 P.3d 530 (2015), *rev. denied* 303 Kan. ___ (December 29, 2015); see also *State v. Mims*, No. 103,044, 2011 WL 4563068, at *5-6 (Kan. App. 2011) (unpublished opinion), *rev. denied* 294 Kan. 946 (2012); *State v. Boster*, No. 101,009, 2009 WL 3738490, at *4-5 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1096 (2010). So, contrary to Antalek's contention, the law has never required all pre-1993, in-state convictions to be categorized as nonperson felonies for the purpose of calculating a defendant's criminal history score. In fact, in 2015, the Kansas Supreme Court overruled its holding in *Murdoc*k, and returned to the same rule for both in-state and out-of-state convictions, the same rule that existed at the time of Antalek's current convictions. *State v. Keel*, 302 Kan. 560, Syl. ¶ 8, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Because we reach this conclusion independent from any recent amendments to K.S.A. 2015 Supp. 21-6810(d) and (e), which were clearly a legislative

reaction to the *Murdock* decision, there is no issue to examine under the Ex Post Facto Clause of the United States Constitution as Antalek contends. See *Keel*, 302 Kan. at 591 (holding made irrespective of the amendments to the statute, thus avoiding any ex post facto analysis).

Accordingly, the way to classify Antalek's prior in-state offenses as person or nonperson crimes is as the same way Kansas courts have done it since the adoption of the Kansas Sentencing Guidelines Act (KSGA).

> "[A] pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute. The comparable post-KSGA Kansas criminal statute is the one in effect at the time the current crime of conviction was committed." *Keel*, 302 Kan. 560, Syl. ¶ 8.

The statute under which Antalek was convicted in 1980, K.S.A. 21-3716 (Weeks), defined aggravated burglary as:

> "[K]nowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is some human being, with intent to commit a felony or theft therein."

The elements of the statute were the same in 2007 when Antalek committed the crimes of conviction in this case.

> "Aggravated burglary is knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein.

6

"Aggravated burglary is a severity level 5, person felony." K.S.A. 21-3716.

Crucially, all of the alternative means of committing aggravated burglary under the version of the statute in effect in 2007 would have resulted in classifying the conviction as a person felony. Because it was clear from the face of the statutes that a 1980 aggravated burglary and a 2007 aggravated burglary were comparable offenses, the district court in this case was able to easily and properly determine that Antalek's prior aggravated burglary conviction should be classified as a person felony.

Likewise, the statute defining rape in 1986 contained the same elements that were contained in the rape statute of 2007. Compare K.S.A. 1986 Supp. 21-3502 and K.S.A. 21-3502. So again, because it was clear from the face of the statutes the offenses were comparable, the district court was able to easily and properly determine that Antalek's prior rape conviction should be classified as a person felony without any additional fact finding.

*Use of a defendant's criminal history to calculate his or her criminal history score does not run afoul of the United States Constitution.*

Finally, Antalek argues that the district court was prevented from making a finding that his prior convictions constituted person crimes for the purpose of calculating his criminal history score because such a finding increased his sentence without requiring the State to prove his criminal history to a jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). As was made clear in *Dickey*, the constitutional protections described in *Apprendi* are implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction. *Dickey*, 301 Kan. 1018, Syl. ¶ 7. However, once it is established, our Supreme Court has made clear that using a

7

defendant's criminal history to calculate the defendant's sentence does not violate due process under *Apprendi*. *State v. Williams*, 299 Kan. 911, 941, 329 P.3d 400 (2014) (reaffirming *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 [2002]). Absent some indication the Kansas Supreme Court is departing from its previous position, the Court of Appeals is duty bound to follow the Supreme Court's precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015).

*The district court did not err when it summarily denied Antalek's motion to correct an illegal sentence without him being present.*

Antalek finally argues that the district court erred when it held a hearing on his motions to correct an illegal sentence without him present and asks this court to remand for a rehearing. He relies on KS.A. 22-3504(1) which provides:

> "The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, *to be personally present* and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." (Emphasis added.)

It is not clear either from appellant's brief or from the record that there was actually a hearing on Antalek's motions. While Antalek contends in his analysis section that a hearing was held, there is no cite to the record to verify this assertion. In his facts section, Antalek makes reference to the district court's denial of his motions on January 12, 2015, and cites to the record. However, there is no order at the page cited. There is an order, filed January 12, 2015, denying Antalek's motions elsewhere in the record; however, the order denies Antalek's motions "without hearing." Antalek does not dispute that district courts may summarily deny motions to correct illegal sentences if sufficient allegations are not made to warrant a hearing. See *State v. Duke*, 263 Kan. 193, 196, 946 P.2d 1375 (1997) ("K.S.A. 22-3504(1) does not eliminate a district court's duty to

preliminarily examine a motion to correct an allegedly illegal sentence to determine if substantial issues of law or fact are raised. If no such issues are found to have been raised, the motion may be summarily dismissed.").

If there was indeed a hearing held on his motions to correct an illegal sentence at which Antalek was not in attendance, Antalek has failed in his duty to make that fact apparent. See *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013) (defendants claiming error bear the burden of designating a record that affirmatively shows such error). Because it appears that Antalek's motions to correct an illegal sentence were summarily denied and Antalek has failed to cite to evidence in the record to the contrary, this court presumes the actions of the district court summarily denying the motion were proper. See *Bridges*, 297 Kan. at 1001. Antalek failed to raise any substantial issue of law or fact justifying a hearing, therefore the district court did not err in failing to provide one and allow him to be present at it.

Affirmed.