NOT DESIGNATED FOR PUBLICATION

No. 114,212

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY PAUL BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed August 12, 2016. Reversed and remanded with directions.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Russell W. Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*:  Billy Paul Brown appeals the district court's imposition of his underlying sentence following the revocation of his parole. He contends the district court failed to comply with K.S.A. 2015 Supp. 22-3716(c) when it ordered him to serve his underlying sentence without imposing an intermediate sanction or finding that he absconded, committed a new crime while on probation, was a danger to public safety, or that his welfare would not be served by continued probation.

1

On August 11, 2014, Brown pleaded no contest to two counts of attempted sexual exploitation of a child and one count of attempted aggravated intimidation of a witness or victim. The district court sentenced him to 60 months' probation, with an underlying sentence of 36 months' imprisonment and lifetime postrelease supervision.

The State moved to revoke Brown's probation. At his probation revocation hearing on March 13, 2015, Brown stipulated to violating his probation, and the district court revoked his probation. He asked to be reinstated to community corrections but did not argue that an intermediate sanction was appropriate. The court ordered Brown to serve his underlying prison sentence without finding he had committed a new crime, absconded, was a threat to public safety, or would not benefit from continued probation.

Brown timely appealed the revocation of his probation and the imposition of his underlying sentence. We reverse and remand for appropriate findings.

Brown argues we may consider the merits of his challenge because the district court imposed an illegal sentence when it failed to impose an intermediate sanction. The State argues Brown's sentence was not illegal within the meaning of K.S.A. 22-3504(1), and that statute is an inappropriate basis for challenging a sentence imposed as part of a probation revocation.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Taylor*, 299 Kan. at 8.

2

In *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006), the court held: "'Statutory provision' as applicable to K.S.A. 22–3504(1) is the statute defining the crime and assigning the category of punishment to be imposed." As such, the district court's failure to comply with K.S.A. 2015 Supp. 22-3716, which does not define a crime or assign the categories of punishment to be imposed, does not constitute an illegal sentence.

Brown acknowledges *Edwards* but argues it was wrongly decided. We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone,* 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). There is no indication the Kansas Supreme Court is departing from its position in *Edwards*. The revocation of Brown's probation did not subject him to an illegal sentence as contemplated by K.S.A. 22-3504(1).

Brown also argues we should address the merits of his argument because he preserved the issue by requesting continued probation at his revocation hearing. However, this was insufficient to preserve the issue for appeal. See *State v. Porter*, No. 111,723, 2015 WL 4486858, at *7-8 (Kan. App. 2015) (unpublished opinion) (defendant's request to reinstate probation insufficient to preserve issue), *rev. denied* 304 Kan. ___ (March 28, 2016); *State v. Lane*, No. 111,110, 2015 WL 802739, at *2-3 (Kan. App. 2015) (unpublished opinion) (defendant's request to be allowed to enter inpatient treatment insufficient to preserve probation revocation for appeal).

Finally, Brown argues we should address the merits of his argument even if we find he did not raise the imposition of intermediate sanctions with the district court. Generally, issues not raised before the trial court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal,

including the following: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Brown contends we may consider the merits of his arguments because they involve only a question of law arising on proved or admitted facts that is finally determinative of the case. Whether the district court properly imposed a sentence after revoking probation is a question of law. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Determining whether the district court improperly imposed Brown's underlying sentence would be finally determinative of the case and the State does not dispute the relevant facts. Further, the *Lane* court indicated that "a consideration of the issue presented will serve the ends of justice by effectuating a consistent interpretation of the legislative intent expressed in the statute." 2015 WL 802739, at *3.

Accordingly, we will address the merits of Brown's argument.

A district court's decision to revoke probation involves two steps. The court must first determine whether the probationer has violated a condition of probation, and if a probation violation has occurred, the court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A district court's decision to revoke probation will not be overturned absent an abuse of discretion. See 286 Kan. at 227-28.

Here, Brown stipulated to the probation violation and he does not appear to argue the district court abused its discretion when it revoked his probation. Instead, Brown

4

argues the court violated K.S.A. 2015 Supp. 22-3716(c) when it ordered him to serve his underlying sentence on his first probation violation without finding he committed a new crime while on probation, absconded, jeopardized public safety, or that his welfare would not be served by continued probation.

The State acknowledges our appellate courts have held the provisions of K.S.A. 2015 Supp. 22-3716(c) are mandatory unless the district court uses one of the above exceptions. It also acknowledges the exceptions do not apply in this case. However, the State argues the use of the word "may" in the statute grants a district court discretion to either impose or ignore the sanctions identified in K.S.A. 2015 Supp. 22-3716(c).

The propriety of a district court's imposition of a sentence after revoking probation is a question of law over which appellate courts have unlimited review. *Huckey*, 51 Kan. App. 2d at 454. Further, to the extent resolution of the issue requires statutory interpretation, an appellate court's review is unlimited. 51 Kan. App. 2d at 454.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams,* 298 Kan. 1075, 1079, 319 P.3d 528 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Phillips*, 299 Kan. at 495. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014). Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Phillips*, 299 Kan. at 495.

K.S.A. 2015 Supp. 22-3716(c)(1) is unambiguous. It states:

5

"Except as otherwise provided, if the original crime of conviction was a felony, other than a felony specified in subsection (i) of K.S.A. 2015 Supp. 21-6804, and amendments thereto, and a violation is established, the court *may impose the following sanctions*:

"(A)    Continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction;

"(B)    continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and an intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to this subparagraph and subsections (b)(4)(A) and (b)(4)(B) shall not exceed 18 total days during the term of supervision;

"(C)    if the violator already had at least one intermediate sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B) or (c)(1)(B) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 120 days, subject to a reduction of up to 60 days in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7);

"(D)    if the violator already had a sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B), (c)(1)(B) or (c)(1)(C) related to the crime for which the original supervision was imposed, continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and remanding the defendant to the custody of the secretary of corrections for a period of 180 days, subject to a reduction of up to 90 days in the discretion of the secretary. This sanction shall not be imposed more than once during the term of supervision. The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit, except as provided in subsection (c)(7); *or*

6

"(E) if the violator already had a sanction imposed pursuant to subsection (c)(1)(C) or (c)(1)(D) related to the crime for which the original supervision was imposed, revocation of the probation, assignment to a community corrections services program, suspension of sentence or nonprison sanction and requiring such violator to serve the sentence imposed, or any lesser sentence and, if imposition of sentence was suspended, imposition of any sentence which might originally have been imposed." (Emphasis added.)

Read in its entirety, the language of the statute is clear. After establishing a probation violation, the district court may impose the sanctions found in (A), (B), (C), (D), *or* (E). The court has discretion to pick the appropriate sanction from the statutory choices. However, the court's discretion does not extend beyond the statutory choices.

Likewise, the district court's discretion does not extend to imposing the defendant's underlying sentence. This is especially true since K.S.A. 2015 Supp. 22-3716(c)(1)(E) indicates a violator must have already had a sanction imposed pursuant to subsection K.S.A. 2015 Supp. 22-3716(c)(1)(C) or (c)(1)(D) before the court can require the violator to serve the sentence imposed. If the State's interpretation was correct, K.S.A. 2015 Supp. 22-3716(c)(1)(E) would be surplusage because the court would have the discretion to impose the underlying sentence at any point.

K.S.A. 2015 Supp. 22-3716(c)(1) gives the district court discretion to impose intermediate sanctions as long as the sanction's conditions are met. It does not give the district court discretion to ignore the sanctions and impose the original sentence.

The State also argues the district court did not abuse its discretion when it imposed Brown's underlying sentence since "reasonable persons could certainly disagree as to what 'may' means in this case." However, the meaning of "may," as used in K.S.A. 2015 Supp. 22-3716(c)(1), is a question of law. Its interpretation is not subject to judicial discretion.

7

A district court does not have discretion to impose an underlying sentence without making the necessary findings or first ordering the defendant to serve an intermediate sanction. Here, the district court erred when it imposed Brown's underlying sentence without first imposing an intermediate sanction or finding he absconded, committed a new crime while on probation, was a danger to public safety, or his welfare would not be served by continued probation.

We therefore reverse and remand with the directions that the district court either reinstate Brown's probation, with or without an intermediate sanction, or consider and make findings as to the appropriateness of one of the exceptions in K.S.A. 2015 Supp. 22-3716(c) permitting the immediate imposition of Brown's underlying sentence.

Reversed and remanded with directions.