NOT DESIGNATED FOR PUBLICATION

No. 115,910

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARLANDO T. LATHAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD E. FLAIGEL, judge. Opinion filed June 9, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*:  In 2004, Arlando T. Latham was convicted of two counts of aggravated robbery, aggravated burglary, and aggravated assault. Latham's criminal history score was determined to be B. In 2015, Latham filed this motion to correct an illegal sentence arguing that two of his prior convictions were improperly scored as person felonies when the district court calculated his criminal history score. The district court summarily denied the motion. Because we find that the district court properly classified his 1991 juvenile adjudication for aggravated arson and his 1996 Colorado aggravated robbery conviction as person felonies, we affirm.

1

Over the course of 1 1/2 years, Latham filed numerous motions to correct an illegal sentence. In his most recent motion, Latham requested an evidentiary hearing for the district court to consider whether a 1991 in-state juvenile adjudication for aggravated arson and a 1996 out-of-state conviction for aggravated robbery were properly scored as person felonies under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). In a memorandum decision, the district court summarily denied Latham's motion. The district court concluded: (1) *Dickey I* did not control because it was not factually similar; (2) a motion to correct an illegal sentence is an inappropriate vehicle to challenge the constitutionality of a sentence; and (3) even if *Dickey I* did control, it cannot be applied retroactively. Latham now appeals.

ANALYSIS

Latham contends that at sentencing the district court improperly counted a 1991 in-state juvenile adjudication for aggravated arson and a 1996 out-of-state conviction for aggravated robbery as person felonies when calculating his criminal history score. As a result, Latham argues that the district court erred when it summarily denied his motion to correct an illegal sentence. When a district court summarily denies a defendant's motion to correct an illegal sentence, this court has unlimited review on appeal because it has the same access to the motions, records, and files as the district court. *State v. Taylor*, 299 Kan. 5, 7-8, 319 P.3d 1256 (2014).

A sentence is illegal if (1) the sentencing court lacked jurisdiction to impose it; (2) the sentence "does not conform to the applicable statutory provision, either in character or the term of authorized punishment"; or (3) the sentence "is ambiguous with respect to the time and manner in which it is to be served." 299 Kan. at 8. Kansas courts narrowly

construe K.S.A. 22-3504 so that only rarely will a sentence be found to be illegal. *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006).

Before getting to the broad question of whether the district court erred when it summarily denied Latham's motion, it is necessary to note that the legal conclusions the district court relied on to reach its result were incorrect. First, the district court concluded that *Dickey I* did not apply because it was not factually similar to Latham's case. However, the fact that neither of Latham's prior convictions were for burglaries has no impact on whether *Dickey I* applies. Broadly, *Dickey I* stands for the proposition that a defendant's constitutional rights are violated when a district court, "for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." 301 Kan. 1018, Syl. ¶ 7. That holding is not limited to cases involving prior burglary convictions.

Next, the district court was incorrect to conclude that Latham's claim involved a constitutional challenge that could not be considered on a K.S.A. 22-3504 motion. Although the issues raised in Latham's motion have constitutional implications, whether a prior crime was properly classified is purely a matter of statutory law. *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016) (*Dickey II*). Because a challenge to a sentence under *Dickey I* ultimately requires a district court to consider whether the sentence is statutorily permissible, such challenges are not barred by the rule that "a motion to correct an illegal sentence is not a proper vehicle to assert a constitutional challenge to a defendant's sentence." 305 Kan. at 221.

Finally, the district court erred when it concluded that *Dickey I* could not be applied retroactively. See *Dickey II*, 305 Kan. at 222. Despite the fact that the district court's decision was legally flawed, it reached the correct result. When a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong

3

ground or assigned erroneous reasons for its decision. *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Putting aside the specifics of the district court's decision, Latham argues that the district court erred when it summarily denied his motion to correct an illegal sentence because the motion raised a substantial issue that warranted the appointment of counsel and a full hearing on the merits. Alternatively, Latham argues that even if he failed to adequately raise an issue deserving of the district court's consideration in his pro se motion, the district court should have appointed counsel and held a hearing on the motion. Latham recognizes that for this court to agree with him on his alternative argument, it would have to overrule prevailing precedent.

It is a longstanding practice of the Kansas Supreme Court to permit district courts to summarily deny motions to correct illegal sentences that fail to raise substantial issues of law or fact. See *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Latham also correctly alludes to the fact that this court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). Our Supreme Court has given no indication that it is changing its position regarding the propriety of a district court summarily denying a motion to correct an illegal sentence that conclusively shows that the movant is not entitled to relief. Thus, Latham's alternative argument must be rejected.

This leaves the question of whether the district court erred on the merits. Latham contends that he pled "a substantial issue, specifically, that the defendant's 1991 aggravated arson and 1996 Colorado aggravated robbery convictions should be classified as nonperson felonies under [*Dickey I*]." In *Dickey I*, the appellant contested the classification of a 1992 in-state juvenile adjudication for burglary as a person felony. At the time of Dickey's adjudication, the burglary statute in effect did not delineate between

4

situations in which burglary would qualify as a person felony and those in which it would qualify as a nonperson felony. Additionally, the statute did not distinguish between dwellings and other structures—the distinction that was the basis for classifying a burglary as a person or nonperson felony when the KSGA was enacted in 1993. See 301 Kan. at 1021. As a result, it was impossible for the district court to tell whether Dickey had committed a burglary that would qualify as a person felony without engaging in factfinding.

The *Dickey I* court concluded that the adjudication had to be scored as a nonperson felony because the judicial factfinding that would have been necessary to score it otherwise was constitutionally prohibited by *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dickey I*, 301 Kan. at 1039. In *Apprendi* and *Descamps*, the United States Supreme Court held that it violates a defendant's Sixth and Fourteenth Amendments to the United States Constitution jury rights when a district court, "for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." *Dickey I*, 301 Kan. at 1036.

In accordance with these cases, a sentencing court may not make factual determinations regarding the nature of a prior crime, but it may recognize the existence of a prior conviction, read the statute forming the basis of the prior conviction, and determine whether the fact of conviction itself supports classifying the crime as a person felony by comparing it to the comparable statute in effect at the time the current crime of conviction was committed. *State v. Keel*, 302 Kan. 560, 581, 357 P.3d 251 (2015); *Dickey I*, 301 Kan. at 1036. Here, Latham had a 1991 in-state juvenile adjudication for aggravated arson and a 1996 out-of-state conviction for aggravated robbery that were

5

classified as person felonies even though the statutes of conviction did not designate them as such.

At the time of Latham's juvenile adjudication, aggravated arson was defined as: "[A]rson, as defined in section 21-3718, and committed upon a building or property in which there is some human being." K.S.A. 21-3719 (Ensley 1988). The definition of aggravated arson in effect in 2003 when Latham committed the crime of conviction in this case was nearly identical to the statute under which he was adjudicated in 1991 except that it added: "(b)(1) Aggravated arson resulting in a substantial risk of bodily harm is a severity level 3, person felony. (2) Aggravated arson resulting in no substantial risk of bodily harm is a severity level 6, person felony." K.S.A. 21-3719 (Furse). Comparing the pre- and post- 1993 statutes, it is clear that Latham's juvenile adjudication for aggravated arson was properly scored as a person felony.

The Colorado statute under which Latham was convicted of aggravated robbery builds on the statute for the crime of robbery, prescribing a more severe sentence when a robbery was committed with the intent to or result of injuring the person robbed or any other person or was committed with a deadly weapon. Colo. Rev. Stat. § 18-4-302 (1990). Under Colo. Rev. Stat. § 18-4-301 (1990), robbery was committed when a person knowingly took "anything of value from the person or presence of another by the use of force, threats, or intimidation." In Kansas in 2003, robbery was defined as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426 (Furse). Robbery was elevated to the status of "aggravated" when "committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427 (Furse). Both robbery and aggravated robbery are person felonies under the KSGA. The Colorado statutes are comparable to the Kansas statutes that were in effect in 2003; as a result, Latham's out-of-state conviction for aggravated robbery was properly scored as a person felony.

6

Because it is clear from comparing Latham's prior convictions to the comparable statutes in effect at the time he committed the crime of conviction for which he is currently serving a sentence that his criminal history score was properly calculated, the district court did not err when it summarily denied Latham's motion to correct an illegal sentence. The district court is affirmed.

Affirmed.